[954 NYS2d 912]

In the Matter of NATHAN LEVNER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 12, 2012

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Ian P. Barry* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on application dated June 1, 2012, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i), (ii) and (iii), upon a finding that he was guilty of professional misconduct immediately threatening the public interest based upon his failure to cooperate with the legitimate demands of the Grievance Committee for the Tenth Judicial District (hereinafter Grievance Committee), his admission under oath that he misappropriated client funds entrusted to him for his own use and benefit, and other uncontroverted evidence of his professional misconduct, and the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon a verified petition dated February 23, 2012. The petition alleged, inter alia, that the respondent was guilty of engaging in conduct adversely reflecting on his fitness as a lawyer, by failing to preserve funds entrusted to him as a fiduciary; failing to promptly pay to his client funds that the client was entitled to receive; misappropriating client funds entrusted to him as a fiduciary for his own use and benefit; and making cash withdrawals from his attorney escrow account.

On June 14, 2012, the respondent was personally served with a copy of the decision and order dated June 1, 2012, together with notice of entry, as well as a copy of the verified petition dated February 23, 2012. More than 20 days have elapsed without an answer to the petition, as directed, or a request for an adjournment.

The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as the Court deems appropriate, based upon his default. The respondent has neither opposed the Grievance Committee's motion nor interposed any response thereto.

Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, SKELOS and ROMAN, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Nathan Levner, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Nathan Levner, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Nathan Levner, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Nathan Levner, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).